## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT ALLEY, | § | |
| | § | No. 167, 2016 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1212019156 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: April 28, 2016
Decided: June 21, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices

## ORDER

This 21st day of June 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The defendant-appellant, Robert Alley, filed this appeal from two separate Superior Court orders, both dated March 23, 2016. The first order denied Alley's first motion for postconviction relief. The second order denied Alley's "Request for Specific Performance." The State has filed a motion to affirm the judgments below on the ground that it is manifest on the face of Alley's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that Alley was indicted in March 2013 on two counts of Robbery in the First Degree and one count of Wearing a Disguise during the Commission of a Felony. On August 28, 2014, Alley pled guilty to one count of Robbery in the Second Degree. On December 19, 2014, after a presentence investigation and upon the State's motion, the Superior Court declared Alley to be a habitual offender and sentenced him under 11 *Del. C.* § 4214(a) to a total period of eight years and six months at Level V incarceration, with credit for 726 days previously served. This Court affirmed Alley's conviction and sentence on direct appeal.[1] One of the issues that this Court rejected in Alley's direct appeal was his contention that the Superior Court erred in sentencing him as a habitual offender because his 2008 predicate felony conviction was constitutionally infirm.[2]

(3)     On August 3, 2015, Alley filed his first motion for postconviction relief. He raised three claims, contending that: (i) his counsel was ineffective at sentencing and on appeal for not challenging his habitual offender status; (ii) the Superior Court erred by not holding a hearing on the State's habitual offender motion that was separate from the sentencing hearing; and (iii) the State breached its plea agreement by not allowing Alley to challenge his habitual

---

[1] *Alley v. State*, 2015 WL 4511348 (Del. July 24, 2015).

[2] *Id.* at *2.

2

offender status. The motion was referred to a Commissioner, who filed a report recommending that Alley's motion be denied.[3] On January 6, 2016, Alley filed a "Request for Specific Performance," alleging that the State breached its plea agreement.[4] The Superior Court denied both of these motions on March 23, 2016.

(4) On appeal, Alley raises the same three claims that he raised below.[5] He argues that his counsel was ineffective at sentencing and on appeal, that the Superior Court erred in failing to hold a separate hearing on the State's habitual offender motion, and that the State breached the plea agreement by not allowing Alley to challenge his habitual offender status.

(5) After careful consideration of the parties' respective positions on appeal, we find it clear that the Superior Court's orders denying postconviction relief and "specific performance" must be affirmed. The Superior Court properly held that counsel was not ineffective at sentencing or on appeal because

---

[3] *State v. Alley*, 2015 WL 7256928 (Del. Super. Nov. 17, 2015).

[4] The Superior Court Criminal Rules prohibit the filing of such miscellaneous motions, as Alley previously has been informed. *See Alley v. State*, 2015 WL 7188326, at *1 (Del. Nov. 13, 2015). After a defendant has been sentenced, a guilty plea may be challenged *only* by filing a motion for postconviction relief under Rule 61. *See id.*; Del. Super. Ct. Crim. R. 32(d), 61(a)(2).

[5] We note that Alley filed two different opening briefs on appeal, one challenging the Superior Court's denial of his motion for postconviction relief and the other challenging the Superior Court's denial of his motion for specific performance. Although an appellant is not permitted to file more than one opening brief on appeal, the Clerk of the Court accepted Alley's briefs because, taken together, the briefs did not exceed the established page limits. In future, however, the Court will strike any brief that does not conform to the Court's rules.

3

there simply was no good faith basis for counsel to challenge Alley's sentencing as a habitual offender after the validity of Alley's 2008 felony conviction was upheld by the Superior Court and affirmed by this Court on appeal.[6] Because there was no basis to challenge Alley's status, the Superior Court did not err in determining Alley's status and then sentencing him as a habitual offender during the course of the same hearing, nor did the State breach its plea agreement.

NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court are AFFIRMED.

BY THE COURT:

_____
Justice

---

[6] *See Alley v. State*, 2014 WL 7009961 (Del. Nov. 20, 2014), *aff'g*, 2014 WL 605440 (Del. Super. Feb. 14, 2014).